**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Susan Bennett

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN BENNETT,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF ORANGE; CHRISTIAN QUENAULT; ROBERT DENNEY; DANIEL DOULHITT; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation Of Fourth Amendment Rights - Unlawful Seizure Of Person<br>2. Violation of Fourth Amendment Rights – Excessive Force;<br>3. Municipal Liability – Failure to Train and/or Discipline;<br>4. False Arrest (California Law);<br>5. Battery (California Law);<br>6. Violation of Cal. Civil Code § 52.1;<br>7. Negligence (California Law).<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiff Susan Bennett and shows this honorable court the following:

### JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

### GENERAL ALLEGATIONS

4.      Plaintiff Susan Bennett, hereinafter referred to as "BENNETT" or "Plaintiff BENNETT", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

5.      Defendant County of Orange, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

COMPLAINT FOR DAMAGES

2

6.    Defendant Christian QUENAULT, hereinafter also referred to as "QUENAULT", is, and at all times complained of herein, was, a peace officer, a Deputy Sheriff, employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

7.  Defendant Robert Denney, hereinafter also referred to as "DENNEY", is, and at all times complained of herein, was, a peace officer, a  Deputy Sheriff, employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

8.  Defendant Daniel Doulhitt, hereinafter also referred to as "DOULHITT", is, and at all times complained of herein, was, a peace officer, a  Deputy Sheriff, employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

9.    Defendants DOES 1 through 6, inclusive, are sworn peace officers, a Deputy Sheriff, and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Orange County Sheriff's Department, who in some way committed some or all of the tortious

COMPLAINT FOR DAMAGES

3

actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

10.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Orange County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

11.     Defendants DOES 7 through 10, inclusive, are sworn peace officers, a Deputy Sheriff, and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Orange County Sheriff's Department and/or defendant County of Orange, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate

COMPLAINT FOR DAMAGES

4

officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Orange County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) for using excessive force on persons; 3) unlawful entry and searches of residences; 4) fabricating evidence; and 5) covering up tortious conduct by Orange County Sheriff's Department peace officers.

12. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Orange County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

13. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

COMPLAINT FOR DAMAGES

5

officers, with the Orange County Sheriff's Department and/or otherwise with defendant COUNTY[1].

14.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

15.    In addition to the above and foregoing, Defendants QUENAULT, DENNEY, DOULHITT, and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

16.    Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

17.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against Defendants QUENAULT, DENNEY, DOULHITT and DOES 1**
**through 6, inclusive)**

18.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19.    BENNETT is a 72-year old woman who at the time of the incident complained of, resided with her adult son who was on probation.

20.    At approximately 10:00 p.m. on September 6, 2018, defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, went to BENNETT's home, located in a Mission Viejo retirement community, to conduct a probation check on BENNETT's son.

21.    QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, knocked on BENNETT's front door and allegedly saw BENNETT inside of the home.

22.    Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, called out to BENNETT and ordered her to exit the home and speak with them.

23.    BENNETT walked to the front door wearing her pajamas and opened the door. BENNETT stood by the door and asked the deputies why they were at

COMPLAINT FOR DAMAGES

7

her house so late. BENNETT did not physically prevent the deputies from entering the home or obstruct them in anyway.

24. QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, then physically grabbed BENNET and threw her to the ground. Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, handcuffed BENNETT on the ground and further brutalized BENNETT, causing injuries to BENNETT.

25. Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, then entered the home.

26. QUENAULT and DOES 1 through 6, inclusive, placed BENNETT on a chair inside of her home while handcuffed while they arrested her son for an alleged probation violation.

27. Defendants arrested BENNETT for allegedly violating Penal Code § 148(a)(1.) The Orange County District Attorney's Office ultimately dismissed the charge.

28. At no point did BENNETT resist, delay or obstruct the deputies.

29. As complained of herein above, none of the defendants to this action had a warrant for BENNETT's arrest, nor probable cause to believe that BENNETT had committed a crime, nor reasonable suspicion that BENNETT was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by BENNETT.

COMPLAINT FOR DAMAGES

8

30.    Accordingly, the seizure of BENNETT by Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, by use of force, constituted an unlawful and unreasonable seizure of BENNETT, in violation of her rights under the Fourth Amendment to the United States Constitution.

31.    As a direct and proximate result of the actions of Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, BENNETT: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

32.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BENNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $1,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive)**

33.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 32 inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

34.     As mentioned above and in addition to the above and foregoing, when BENNETT was unlawfully arrested, she was physically brutalized by QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive.

35.     The actions of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of BENNETT's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon her person.

36.     As a direct and proximate result of the actions of Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, BENNETT was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $2,000,000.00.

37.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of BENNETT's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $1,000,000.00.

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## FEDERAL MONELL[2] CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against Defendants COUNTY)

38.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37, inclusive, above, as if set forth in full herein.

39.     As complained of herein above, the acts of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, deprived Plaintiff of her rights under the laws of the United States and The United States Constitution.

40.     The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including knowing what conduct rises to the level of a violation of Cal. Penal Code § 148(a)(1) and under what circumstances a peace officer may order a person out of their home; to wit, 1) that peace officers who either have an arrest warrant for a person in that wanted person's private residence, or who are doing a probation search / check or a parole search / check in a private residence, may not detain, arrest, restrain or use force upon other persons present in any such private residence, in the absence

---

[2] *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

COMPLAINT FOR DAMAGES

11

of reasonable suspicion of criminality afoot (to detain or restrain) or probable cause to believe that that other person committed a crime (to arrest), and 2) failing to train its deputy sheriffs on the type of actions and omissions that constitute a violation of Cal. Penal Code §§ 69, 71 and148(a)(1).

41.    COUNTY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

42.    The failure of COUNTY to provide adequate training was a proximate cause of the deprivation of plaintiff's rights by defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, complained of above.

43.    COUNTY's failure to train its deputy sheriffs, as shown above, is so closely related to the deprivation of plaintiff's rights, as to be the moving force that ultimately caused plaintiff's damages and injuries.

44.    As a direct and proximate result of the actions of defendants COUNTY and DOES 1 through 6, inclusive, and each of them, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

/ / /

COMPLAINT FOR DAMAGES

12

## FOURTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
### (Against All Defendants)

45. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44, inclusive, above, as if set forth in full herein.

46. Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, did not have either reasonable suspicion of criminality afoot about plaintiff, or probable cause to believe that BENNETT had committed a crime.

47. Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, detained, restrained, arrested and brutalized BENNETT, and deprived BENNETT of her liberty.

48. Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, intentionally deprived BENNETT of her freedom of movement by use of physical force and violence.

49. BENNETT did not consent to said deprivation of her freedom of movement by defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, or to the use of force and violence upon her.

50. BENNETT suffered harm / injuries / damages because of said deprivation of her freedom of movement by Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive.

51. The actions committed by defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of BENNETT under California state law.

52. Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, are liable to BENNETT for said false arrest / false imprisonment, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.2, 820.8, and otherwise pursuant to the common-law.

53. The actions committed by defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, proximately caused BENNETT to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial which is in excess of $2,000,000.00.

54. The actions of Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages, save COUNTY, in an amount to be proven at trial which is in excess of $1,000,000.00.

/ / /

## FIFTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(Against All Defendants)**

55. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 54, inclusive, above, as if set forth in full herein.

56. The actions committed by defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon plaintiff BENNETT, and, therefore, constituted a battery of her by said above-referenced defendant officers under California state law.

57. As a direct and proximate result of the actions of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

58. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $1,000,000.00.

59. Said Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, are liable to Plaintiff for said battery on her, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common law.

**SIXTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

60.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, inclusive, above, as if set forth in full herein.

61.     The actions of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to her by the Constitution and laws of the United States, and of the rights secured to her by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

62.     Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, are liable to plaintiff for said violations of her federal and California state constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820 and 820.8.

63.     As a direct and proximate result of the actions of defendants

COMPLAINT FOR DAMAGES

16

QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $2,000,000.00.

64.    The actions of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $1,000,000.00.

65.    In addition, as a result of the actions of defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

### SEVENTH CAUSE OF ACTION
**Negligence**
**Under California State Law**
**(Against all Defendants)**

66.    Plaintiff hereby realleges and incorporate by reference the allegations

COMPLAINT FOR DAMAGES

17

set forth in paragraphs 1 through 65, inclusive, above, as if set forth in full herein.

67.    The actions committed by defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward Plaintiff.

68.    Defendants COUNTY, QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, are liable to plaintiff for her injuries and damages pursuant to Cal. Civil Code § 1714, and pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.8, and otherwise pursuant to the common law.

69.    As a direct and proximate result of the actions committed by Defendants QUENAULT, DENNEY, DOULHITT and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

    a) For a judgment against all defendants for compensatory damages in an amount in excess of $6,000,000.00[3];

---

[3] $2,000,000.00, trebled to $6,000,000.00 pursuant to Cal. Civil Code § 52.1.

COMPLAINT FOR DAMAGES

18

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $1,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_/S/ Gregory Peacock_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES

19